UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLOBAL MEDIA NETWORK,

                Plaintiff,

      -against-

iHEART RADIO,

                Defendant.

25-CV-5554 (LTS)

ORDER DIRECTING PAYMENT OF FEE

LAURA TAYLOR SWAIN, Chief United States District Judge:

      To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. However, only a natural person can proceed IFP – not an artificial entity like Plaintiff Global Media Network.[1] Global Media Network submitted the complaint without the filing fees.

      Within thirty days of the date of this order, Plaintiff must pay the $405.00 in fees. Payment of the fees should be mailed to the following address: United States District Court for the Southern District of New York, Cashiers-Room 260, 500 Pearl Street, New York, NY 10007. Payment of the fees by mail must (1) be made by money order or certified check; (2) be made payable to: Clerk, USDC, SDNY; and (3) include the docket number listed above. Personal checks are not accepted. Payment of the fees also can be made in person at the courthouse by credit card, money order, certified check, or cash.

      No further action will be taken in this case, and no summons shall issue or answer be

---

[1] *See Rowland v. California Men's Colony*, 506 U.S. 194, 196 (1993) (holding that only natural persons may proceed IFP under 28 U.S.C. § 1915).

required, until the fees are paid. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff submitted proper payment for this action before receiving this order, the case will proceed once that payment is processed.[2]

If Plaintiff fails to comply with this order within the time allowed, or fails to seek an extension of time to comply, the action will be dismissed without prejudice to refiling.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 7, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[2] The Court notes, however, that an artificial entity cannot proceed without counsel. *See, e.g., Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*").